# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CHRISTOPHER MOLNAR, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO.: 2:07-CV-241-TS |
| MITTAL STEEL USA, INC., | ) |
| Defendant. | ) |
| MITTAL STEEL USA, INC., n/k/a ARCELOR MITTAL STEEL USA, INC., | ) |
| Third-Party Plaintiff, | ) |
| v. | ) |
| PEKRON CONSULTING, INC., f/k/a KETER CONSULTANTS, INC., and f/k/a KETER ENVIRONMENTAL CONSULTANTS, INC., and HARTFORD INSURANCE COMPANY, | ) |
| Third-Party Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Third-Party Defendant Pekron Consulting Inc.'s Motion to Enter Order as Final and Appealable Pursuant to F.R.C.P. 54(B) [DE 69], filed on July 16, 2010. Defendant Mittal Steel USA, Inc. a/k/a ArcelorMittal Steel USA, Inc. (Mittal) filed an Objection [DE 72] to the Motion, and Pekron filed a Reply in Support of Its Motion [DE 74].

## BACKGROUND

The Plaintiff, Christopher Molnar, filed a personal injury suit against Defendant Mittal, alleging that on July 6, 2005, he was working at the Mittal facility in East Chicago, Indiana,

when the floor beneath him gave way and caused him to fall twenty-four feet. Molnar alleges that he was an invitee of Mittal at the time of the accident and that Mittal's carelessness and negligence caused his injuries. Molnar's Complaint does not name Pekron as a Defendant and does contain any allegations of negligence by Pekron.

Mittal filed an Answer to Molnar's Complaint and a Third-Party Complaint against Pekron and Hartford Insurance Company. Mittal alleged that, at the time of Molnar's accident on its premises, Molnar was an employee of Pekron. Mittal asserted that the work performed by Pekron for Mittal was controlled by Purchase Order No. 1-R-2200, which obligated Pekron to indemnify Mittal for losses caused by negligence. Mittal also alleged that a policy of liability insurance issued by Hartford naming Mittal as an additional insured for general liability insurance was in effect at the time of Molnar's fall. Mittal claimed that Pekron breached its contractual obligation to indemnify and defend Mittal and that Pekron was estopped from claiming that it did not owe Mittal attorney's fees, a defense to the Complaint, or coverage under the policy of insurance. Mittal made similar claims against Hartford, claiming that Hartford failed to provide coverage under its policy of insurance and that it was estopped from claiming that it did not owe Mittal attorney's fees, a defense to Molnar's Complaint, or coverage under its policy.

Pekron answered the Third-Party Complaint, alleged affirmative defenses, and asserted a Counterclaim for Declaratory Judgment. In its Counterclaim, Pekron sought a declaration that it did not owe a duty to defend or indemnify Mittal in regard to the claims that arose out of Molnar's July 6, 2005, accident.

On February 23, 2009, Pekron moved for summary judgment. Pekron argued that the

2

terms of Purchase Order No. 1-R-2200 did not require Pekron to idemnify or defend Mittal under the circumstances of Molnar's case, which only alleges negligence on the part of Mittal. Pekron argued that the elements of estoppel were absent from the case because Pekron never promised to indemnify or defend Mittal for its own negligence or to provide it with insurance. On March 30, Mittal responded to Pekron's Motion for Summary Judgment, designating as evidence Purchase Order 1-R-2200 and two certificates of liability insurance that it argued was proof that Pekron contracted to provide liability insurance to Mittal. On April 1, Mittal filed a Verified Motion for Leave to Supplement Response to Summary Judgment.

On March 1, 2010, the Court granted Pekron's Motion for Summary Judgment. The Court found that the indemnity clause in Purchase Order No. 1-R2200 did not, in clear and unequivocal terms, apply to Mittal's own negligence acts. The Court noted that because the negligence Molnar asserted in his Complaint was that of Mittal alone, it was not covered by the indemnity agreement contained in Purchase Order No. 1-R-2200. The Court also concluded that, in defending Molnar's suit, Mittal would only be required to defend against its own negligence and that the lawsuit was outside the scope of the duty to defend that Pekron agreed to undertake in Purchase Order No. 1-R-2200. Because Mittal was seeking indemnification for its own acts of negligence, which were outside the scope of the indemnity agreement, the obligation to pay attorney's fees contained within the indemnity agreement was also unenforceable. The Court granted summary judgment in favor of Pekron on Mittal's breach of contract claim because Mittal could not point to any agreement that specifically required Pekron to name Mittal as a co-insured, additional insured, or joint insured on any of Pekron's insurance policies, and thus no reasonable fact-finder could conclude on the basis of the evidence before the Court that Pekron

had a duty to provide Mittal with insurance coverage.

In the course of briefing on the Motion for Summary Judgment, Mittal argued that it should be allowed to supplement its response to Pekron's Motion for Summary Judgment with newly found documents. Included in these proposed supplemental materials was a more broadly worded indemnity clause and obligation to provide insurance coverage. The Court denied Mittal's request on the ground that it had not presented any evidence to suggest that the newly found documents applied to Pekron's work at Mittal. In addition, even if the new document applied to the work, the document stated that special provisions of a purchase order and specific terms agreed to in writing with Mittal were to prevail if they contradicted corresponding General Purchasing Condition (GPC) provisions. Thus, the Court ruled that, according to the face of the two documents, the indemnity and insurance provisions of 1-R-2200, which contradicted the GPC provisions on the same subjects, would prevail. For these reasons, the Court found that even if the documents that were the subject of Mittal's Motion for Leave to Supplement Response to Summary Judgment were admitted, they would not have created a genuine issue of material fact to defeat Pekron's evidence showing that it did not agree to indemnify and defend Mittal for Mittal's own negligence or agree to provide Mittal with insurance coverage as a price of doing business with it. Although the claims against Pekron were dismissed, Mittal's claims against Third-Party Defendant Hartford Insurance Company remained pending.

On July 16, 2010, Pekron filed its Motion requesting that the Court determine that there is no just reason for delay and direct the entry of final judgment as to its previous order granting summary judgment in favor of Pekron on Mittal's third-party claim and on Pekron's counterclaim. Pekron asserts that any claim against it has been completely resolved, and that it

will suffer prejudice if it has to determine whether to be involved in ongoing discovery without knowing whether the judgment in its favor may be appealed.

On August 2, Mittal filed its Objection to Pekron's Motion, arguing that it would be premature to enter judgment under Rule 54(b). It notes that, although parties are permitted to litigate issues of indemnity contemporaneously with the injured party's claim in the underlying suit, the obligation to indemnify does not arise until losses or damages are incurred. *See Pflanz v. Foster*, 888 N.E.2d 756, 759 (Ind. 2008). Thus, argues Mittal, a claim for indemnity may still arise and it may move to amend its pleading or file a separate lawsuit if additional evidence is discovered before trial or if an alternative theory of indemnity is revealed through evidence presented at trial. Mittal also asserts that because its claims against Hartford remain pending and because Pekron purchased the Hartford policy at issue, there exists the potential for overlap between Mittal's claims against Pekron and its claims against Hartford. Mittal has requested a hearing on its objections pursuant to Northern District of Indiana Local Rule 7.5.

In its Reply in Support of Its Motion to Enter Order as Final and Appealable, Pekron takes issue with Mittal's claim that it could still seek indemnification from Pekron by amending its complaint or filing a separate lawsuit. Pekron urges the Court to find no just reason for delay in entering final judgment and cites *McMunn v. Hertz Equipment Rental Corp.*, 791 F.2d 88 (7th Cir. 1986), as authority for the proposition that the resolution of a third-party complaint for indemnification is the type of judgment that a court may, in its discretion, certify as final pursuant to Rule 54(b).

**DISCUSSION**

Rule 54(b) permits a district court, in a case involving multiple claims or parties, to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b); *see also McMunn.*, 791 F.2d at 90 (explaining that "Rule 54(b) allows an immediate appeal from a judgment that resolves a separate claim, or dispute with a separate party, even though the rest of the litigation is still going on in the district court"). A Rule 54(b) judgment must be supported by specific reasons showing that an immediate appeal is truly necessary. *United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1218 (7th Cir. 1990). The norm in litigation is "one appeal per case." *Id.*; *Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 592 (7th Cir. 1990) (noting that the norm "prevents duplicative and time-consuming appeals").

In *McMunn*, the Seventh Circuit found that the district court acted within its discretion when it certified for appeal an order that granted a third-party plaintiff's claim for indemnity. However, it is worth noting that the Seventh Circuit also stated that a "powerful objection to allowing an immediate appeal" of orders denying or granting third party claims for indemnity "is that the order will be moot if the main claim is dismissed." *Id.*, 791 F.2d at 91; *see also Horn*, 898 F.2d at 592 (stating that even when claims are separate, "[t]he possibility that developments in the litigation may moot a claim suggests that appellate resolution be deferred"). That same reasoning applies here. "'The obligation to indemnify does not arise until the party seeking indemnity suffers loss or damages; that is, at the time of payment of the underlying claim, payment of a judgment on the underlying claim, or payment in settlement of the underlying claim.'" *Indianapolis-Marion County Pub. Library v. Charlier Clark & Linard, PC*, 929 N.E. 2d

6

838, 848 (Ind. Ct. App. 2010) (quoting *TLB Plastics Corp. v. Procter & Gamble Paper Prods. Co.*, 542 N.E.2d 1373, 1376 (Ind. Ct. App. 1989)). Making the order granting summary judgment final pursuant to Rule 54(b) would require Mittal to appeal the Court's ruling on its third-party claim against Pekron before Mittal knows whether it has suffered losses warranting indemnity. If no damages are awarded, Mittal third-party claim and the Court's order denying it would be rendered moot because any obligation to indemnify will have never ripen into a claim involving actual damages. Allowing an immediate appeal would not be in the interest of judicial economy. Finding no reason to depart from the normal rules of litigation that require litigants to wait until disposition of the entire case before entry of a final, appealable judgment, the Court will deny Pekron's Motion.

The arguments the parties raise about the implicatioAugust 12, 2010ns of the Court's ruling on the Motion for Summary Judgment and Mittal's ability to seek indemnification on the basis of further developments in the case are premature. The Court declines to speculate on matters that are not properly before it and which are not necessary to its ruling.

## CONCLUSION

For the foregoing reasons, Pekron's Motion to Enter Order as Final and Appealable Pursuant to F.R.C.P. 54(B) [DE 69] is DENIED. Mittal's Motion for Request for Oral Argument and/or Hearing [DE 73] is also DENIED.

SO ORDERED on August 12, 2010.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION