# United States District Court
# Northern District of Indiana
# Hammond Division

| | |
|---|---|
| REBECCA HOYT FISCHER, Bankruptcy Trustee, | |
| Plaintiff, | |
| v. | Civil Action No. 2:07-CV-241 JVB |
| MITTAL STEEL USA INC a/k/a ARCELOR MITTAL STEEL USA INC., | |
| Defendant. | |
| ——————————————— | |
| MITTAL STEEL USA INC a/k/a ARCELOR MITTAL STEEL USA INC., | |
| Third Party Plaintiff | |
| v. | |
| HARTFORD INSURANCE COMPANY, | |
| Third Party Defendant | |

**OPINION AND ORDER**

On May 17, 2012, the Court advised the parties of its preference to try Defendant and Third Party Plaintiff Mittal Steel's third party complaint against Hartford Insurance Company separately from the initial complaint, pursuant to Federal Rule of Civil Procedure 42(b). Mittal has objected to the procedure (DE 157).

The Court overrules the objection. Trying the two distinct actions separately will avoid jury confusion and the unnecessary revelation that an insurance company, rather than Mittal, may be liable for any verdict in the Plaintiff's favor on the initial complaint.

As Third Party Defendant Hartford points out, the only issue for trial on the third party complaint is whether a certificate of insurance made Mittal an additional insured, and if so, whether it was effective on the date of Christopher Molnar's injury. The fact that perhaps three documents that may be evidence in the liability trial may also be evidence in the coverage trial is not enough of an overlap to dictate that the claims be tried together. Given the limited issues left for trial in the coverage case, there will be no significant increase in costs to Mittal if the coverage issue is tried separately.

The risk of jury confusion and the unnecessary interjection of the possibility of liability insurance coverage weigh strongly in favor of separate trials. Separate trials will avoid prejudice to Hartford and promote judicial economy and will not unfairly prejudice Mittal. Moreover, holding separate trials will not divide issues in such a way that the same issue is reexamined by different juries.

Accordingly, the issue of Mittal's liability shall proceed to trial on July 30, 2012, as previously scheduled. The Court will set a scheduling conference to establish a trial date on the third party complaint.

SO ORDERED on June 13, 2012.

<u>s/ Joseph S. Van Bokkelen</u>
Joseph S. Van Bokkelen
United States District Judge