# United States District Court
# Northern District of Indiana
# Hammond Division

| | |
|---|---|
| REBECCA HOYT FISCHER, BANKRUPTCY TRUSTEE, | |
| Plaintiff, | |
| v. | Civil Action No. 2:07-CV-241 JVB |
| MITTAL STEEL USA INC., | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's motion in limine (DE 162).

**A.  Background**

The original plaintiff in this case, Christopher Molnar, sued Mittal Steel to recover damages for injuries he claims resulted from a July 6, 2005, fall through the floor of a building owned by Defendant Mittal.  He was working there as the employee of Pekron Consulting Inc., formerly known as Keter Consultants Inc.  Because Molnar filed for bankruptcy during the pendency of the action, the bankruptcy trustee, Rebecca Hoyt Fischer, has been substituted as Plaintiff.

**B.  Christopher Molnar's 1999 Bankruptcy**

Plaintiff seeks to prevent Defendant from inquiring about or commenting on the fact that Christopher Molnar filed a bankruptcy petition in 1999.  Plaintiff maintains that the 1999

bankruptcy is not relevant to any issue in the case or, alternatively, that any probative value is outweighed by the danger of unfair prejudice.

Defendant asserts that the 1999 bankruptcy is relevant if Plaintiff argues that Molnar's fall in July 2005 made his 2010 bankruptcy necessary. According to Defendant, the reasons for his 1999 bankruptcy filing may assist the jury in analyzing the credibility of any testimony as to the bases for his more recent bankruptcy petition. Moreover, Defendant suggests that it plans to introduce evidence that on his bankruptcy schedules, Molnar listed the then current fair market value of this action as zero. Defendant claims that informing the jury of the 1999 bankruptcy will give it insight into Molnar's experience with the bankruptcy process, apparently to assist in assessing the credibility of any reason Molnar may give for having listed the value of this action as zero.

The Court does not believe that the fact that Molnar filed for bankruptcy in 1999 has any tendency to make any fact of consequence in determining this action more or less probable. Any slight probative value such evidence may have is outweighed by the risk of unfair prejudice. Accordingly, Plaintiff's motion in limine is granted with respect to Molnar's 1999 bankruptcy.

### C. Limit on Witnesses to Testify on Behalf of Mittal Steel

Plaintiff asks the Court to preclude Defendant from presenting any witnesses to testify on its behalf other than Eugene Ray and Thomas Barnett.[1] Plaintiff bases its request on Defendant's response to Plaintiff's December 22, 2011, deposition notice pursuant to Federal Rule of Civil Procedure 30(b)(6). Under that rule, a party may name as the deponent a

---

[1]The Court interprets Plaintiff's motion as a request to exclude testimony of any other Mittal employees as representatives of the company, not to exclude all other witnesses.

corporation and describe the matters for examination. The corporation must then designate the persons who will testify on its behalf.

In the notice, Plaintiff requested that Defendant produce witnesses with knowledge of seven topics. Defendant designated Ray to testify on two of the topics and Barnett to testify on one, but notified Plaintiff that it could not locate anyone to testify as to the remaining topics, numbered 2–5:

> (2) [M]aintenance, inspections, plans/reasons for demolition, and/or logs for the building that is the subject of the Complaint, for a time period beginning July 6, 2005, to present date.
>
> (3) [B]lueprints, plans, specifications, designs and/or diagrams of the building that is the subject of the Complaint.
>
> (4) [W]arnings posted at the building that is the subject of the Complaint.
>
> (5) [A]ll persons or agencies who were responsible for maintenance and/or inspections of the building that is the subject matter of the Complaint on July 6, 2005.

(Plaintiff's Motion in Limine, DE 162 at 2–3.)

Because Defendant failed to produce any company representative to testify on these topics, Plaintiff argues that Defendant should not be allowed to call any company representatives other than Ray and Barnett. Defendant states that the uncovered topics set out in Plaintiff's deposition notice do not exhaust all possible relevant testimony in this case, so that it would be unfair to limit its witnesses as Plaintiff demands.

The Court agrees that barring all other representatives from testifying for Defendant is too broad a sanction for Defendant's failure to designate deposition witnesses on topics 2–5. The Court is not in a position to say that the topics Plaintiff specified in the deposition notice cover all the issues in this case to which a Mittal representative might testify. The Court will,

however, preclude Defendant from offering any evidence on topics 2–5 through any of its representatives.

**D.     Conclusion**

Plaintiff's motion in limine (DE 162) is GRANTED in part and DENIED in part. Defendant shall not mention Plaintiff's 1999 bankruptcy in the presence of the jury or present testimony from represenatives of Defendant as to topics 2–5 in Plaintiff's deposition notice of December 22, 2011, unless the matters are first brought to the Court's attention outside the presence of the jury and the Court rules that they are admissible. Defendant and its witnesses shall not refer to Plaintiff's motion or this order in the presence of the jury.[2]

SO ORDERED on July 12, 2012.

                                                      s/ Joseph S. Van Bokkelen
                                                    Joseph S. Van Bokkelen
                                                    United States District Judge

---

[2]These rulings are preliminary and the parties may ask the Court to reconsider them as the evidence develops at trial. *See United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) ("[A] ruling [in limine] is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.") (quoting Luce v. United States, 469 U.S. 38, 41 (1984)).