# United States District Court
# Northern District of Indiana
# Hammond Division

| | |
|---|---|
| REBECCA HOYT FISCHER, BANKRUPTCY TRUSTEE, | |
| Plaintiff, | |
| v. | Civil Action No. 2:07-CV-241 JVB |
| MITTAL STEEL USA INC., | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Defendant Mittal Steel's motion to bar or limit the amount of any recovery in this action (DE 172).

### A.   Background

The original plaintiff in this case, Christopher Molnar, filed suit against Mittal Steel to recover damages for injuries he claims resulted from a July 6, 2005, fall through the floor of a building owned by Defendant Mittal. He was working there as the employee of Pekron Consulting Inc., formerly known as Keter Consultants Inc. Because Molnar filed for bankruptcy during the pendency of the action, Rebecca Hoyt Fischer, the bankruptcy trustee, has been substituted as Plaintiff.

### B.   Facts

Christopher Molnar filed this suit in June 2007. In July 2010 he filed a voluntary petition

in bankruptcy. In his schedule of personal property he stated that he had a work injury lawsuit pending against Mittal Steel. He gave his attorney's name and phone number and gave the "Current Value of the Debtor's Interest" in this "contingent and unliquidated" claim as zero. (Ex. B to Def.'s Mot., DE 173-3 at 11.) In June 2011 his bankruptcy case was closed.

In November 2011, through independent investigation, Mittal Steel learned of the bankruptcy and informed Molnar's counsel in this case. On November 17, 2011, the bankruptcy trustee moved the bankruptcy court to reopen Molnar's bankruptcy case, advising the court that the purpose was to collect proceeds from an undisclosed personal injury action. On the same day Molnar supplemented his answers to Mittal's interrogatories, disclosing the bankruptcy. Molnar has not amended his schedule of personal property to change the value of his claim against Mittal.

In January 2012, the bankruptcy trustee was substituted as the plaintiff in this action. Accordingly, any recovery in this case will be administered by the bankruptcy court and will be paid first to Molnar's creditors who file claims in the bankruptcy. Before the bankruptcy case was reopened, creditors' claims totaled $89,307.

**C.     Discussion**

Defendant argues that any recovery in this case should be capped at the amount of the creditors' claims in the bankruptcy. It argues that Molnar's listing of the asset but assigning it zero value is tantamount to failing to disclose it altogether and that judicial estoppel should apply to prevent him from recovering any surplus after creditors' claims are satisfied.

Judicial estoppel precludes parties from abandoning positions taken in earlier litigation.

If a party prevails in one action by asserting that a representation is true, that party is bound by the representation in later litigation growing out of the same event. *Astor Chauffeured Limousine Co. v. Runnfeldt Inv. Corp.* 910 F.2d 1540, 1547 (7th Cir. 1990). For example, in *Cannon-Stokes v. Potter*, 453 F.3d 446, 447 (7th Cir. 2006), the Court of Appeals for the Seventh Circuit applied the doctrine where a bankruptcy debtor omitted any mention in her bankruptcy schedules of a $300,000 administrative claim that she was pursuing against the Postal Service when she filed her bankruptcy petition. Cannon-Stokes received a discharge in bankruptcy, the bankruptcy case was closed, and she continued to litigate the undisclosed claim in federal court. The court affirmed summary judgment against her, holding that when a debtor denies owning an asset, she cannot realize on that concealed asset after the bankruptcy ends. *Id.* at 448.

The Court declines to apply judicial estoppel in this case. *Cannon-Stokes* and the cases Defendant cites are distinguishable from the instant case. They do not involve the situation before this Court, where the debtor listed the pending lawsuit on his bankruptcy schedule but the value set out in the schedule is disputed, and the trustee is proceeding as the plaintiff. In fact, in *Cannon-Stokes* the Court stated that because the bankruptcy estate owns all pre-bankruptcy claims, unless the estate itself engages in contradictory litigation tactics, the elements of judicial estoppel are not present when the trustee litigates a claim a debtor has failed to disclose. *Id.* at 448.

Nor is the Court prepared to find that listing the then-current value of Molnar's claim against Mittal at zero is contradictory of claiming damages in this case. Molnar provided enough information about the Mittal suit on his bankruptcy schedule to permit the trustee to explore its

3

value to the estate. No creditors have been harmed by Molnar's valuation. If there is a recovery, the creditors will share in it. There is no evidence that the integrity of the bankruptcy system has been compromised. Accordingly, the Court will not bar or limit Plaintiff's recovery in this case.

**D.     Conclusion**

Defendant's motion to bar or limit Plaintiff's recovery in this action (DE 172) is DENIED.

SO ORDERED on July 18, 2012.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge