# United States District Court
# Northern District of Indiana
# Hammond Division

| | |
|---|---|
| REBECCA HOYT FISCHER, BANKRUPTCY TRUSTEE, | |
| Plaintiff, | |
| v. | Civil Action No. 2:07-CV-241 JVB |
| MITTAL STEEL USA INC., | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Defendant's motion in limine (DE 177).

**A.    Background**

The original plaintiff in this case, Christopher Molnar, sued Mittal Steel to recover damages for injuries he claims resulted from a July 6, 2005, fall through the floor of a building owned by Defendant Mittal. He was working there as the employee of Pekron Consulting Inc., formerly known as Keter Consultants Inc. Because Molnar filed for bankruptcy during the pendency of the action, the bankruptcy trustee, Rebecca Hoyt Fischer, has been substituted as Plaintiff.

**B.    Defendant's Motion**

  **Items 1 and 2**

Plaintiff has no objection to Defendant's motion in limine regarding Items 1 and 2 of its

motion, concerning the parties' financial status and settlement negotiations. Accordingly, the motion is GRANTED as to Items 1 and 2.

**Item 3**

In Item 3 Defendant asks the Court to prohibit Plaintiff from asking jurors to put themselves in the Plaintiff's position, but the Court presumes Defendant means Christopher Molnar, and not Plaintiff Rebecca Hoyt Fischer. An appeal to the jury to imagine itself in the injured party's position is improper because it encourages the jury to depart from its neutral role. *Joan W. v. City of Chi.*, 771 F.2d 1020,1022 (7th Cir. 1985). Accordingly, Defendant's motion in limine is GRANTED as to Item 3.

**Item 4**

Defendant asks that Plaintiff be prohibited from appealing to the passions or prejudices of the jury. Plaintiff argues that the motion is too broad and vague. The Court agrees. The motion is DENIED as to Item 4.

**Item 5**

Defendant seeks to prevent Plaintiff from displaying real or demonstrative evidence to the jury before it has been admitted. The Court trusts Plaintiff's ability to follow the rules for admitting evidence and does not believe that an order in limine is necessary. Accordingly, the motion is DENIED as moot as to Item 5.

**Item 6**

Defendant moves for a ban on any per diem argument, asking that Plaintiff be ordered not to suggest to the jury that the value of Molnar's pain and suffering may be calculated by multiplying a monetary figure by a unit of time. However, Defendant concedes that Indiana courts permit unfettered use of per diem arguments. The Court is bound to follow Indiana substantive law in this diversity action. Accordingly, the motion is DENIED as to Item 6.

**Item 7**

Defendant seeks to exclude expert opinions and conclusions which have not yet been provided to it. To the extent that this subject is not covered by the Court's order on Defendant's motion to exclude expert testimony, the Court takes Item 7 under advisement.

**Item 8**

Defendant seeks to exclude evidence or argument regarding hedonic damages, which it describes as damages premised on the lack of personal enjoyment occasioned by injury. While Indiana Supreme Court has stated that a jury should not be instructed to consider the effect of the plaintiff's injury on "the quality and enjoyment of his life," it also observed that the phrase includes some losses that a jury should consider as part of the damage calculation. *Canfield v. Sandock*, 563 N.E.2d 1279, 1282 (Ind. 1990). The Court explained that a plaintiff who loves music or golf, or who can no longer lift a grandchild, should be compensated if Defendant's negligence robbed him of such pleasures. The Court approved an instruction that the jury could consider the effect of an injury on a plaintiff's "ability to function as a whole person." *Id.*

3

Accordingly, to the extent that Defendant seeks to exclude evidence to show that, as the result of his accident, Christopher Molnar is no longer able to participate in activities that he previously enjoyed, the motion is DENIED. However, Plaintiff should refrain from using the phrase "loss of enjoyment of life." To that extent, the motion is GRANTED with respect to Item 8.

**Item 9**

Defendant asks the Court to forbid any attempt to suggest that the jury return a verdict to punish Defendant. The Court agrees that such argument is improper. The motion is GRANTED as to Item 9.

**Item 10**

Defendant requests exclusion of any witness not disclosed before the discovery cutoff date. Defendant originally sought exclusion of six named witnesses. However, Defendant now concedes that those witnesses were disclosed in a timely manner and withdraws that part of its motion. Plaintiff agrees that witnesses not disclosed by the discovery deadline should be excluded. Accordingly, with regard to Item 10, the Court GRANTS the motion as modified.

**Item 11**

Defendant asks that mention of witnesses' union membership be excluded, arguing that it has no relevance to any issue in the case. Plaintiff asserts that Molnar's union membership may be probative of his experience and training with similar work sites, the degree to which he had any control over working conditions, and his ability to make complaints or file grievances

4

regarding those conditions. The Court is unable to determine at this stage whether any witness's union membership is relevant, or, if relevant, unfairly prejudicial. Accordingly the Court takes the motion under advisement as to Item 11.

**C.      Conclusion**

The Court GRANTS Defendant's motions in limine (DE 77) in part, DENIES them in part, and takes them under advisement as set out above. Plaintiff and her witnesses shall not refer to Plaintiff's motion or this order in the presence of the jury.[1]

SO ORDERED on July 23, 2012.

s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge

---

[1] These rulings are preliminary and the parties may ask the Court to reconsider them as the evidence develops at trial. *See United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) ("[A] ruling [in limine] is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.") (quoting Luce v. United States, 469 U.S. 38, 41 (1984)).