# United States District Court
# Northern District of Indiana
# Hammond Division

| | |
|---|---|
| REBECCA HOYT FISCHER,<br>Bankruptcy Trustee,<br><br>      Plaintiff,<br><br>      v.<br><br>MITTAL STEEL USA INC.,<br><br>      Defendant. | Civil Action No. 2:07-CV-241 JVB |

## OPINION AND ORDER

This matter is before the Court on Defendant Mittal Steel's motion to exclude expert testimony (DE 168).

**A.    Background**

The original plaintiff in this case, Christopher Molnar, filed suit against Mittal Steel to recover damages for injuries he claims resulted from a July 6, 2005, fall through the floor of a building owned by Defendant Mittal. He was working there as the employee of Pekron Consulting Inc., formerly known as Keter Consultants Inc. Because Molnar filed for bankruptcy during the pendency of the action, Rebecca Hoyt Fischer, the bankruptcy trustee, has been substituted as Plaintiff.

**B.    Dr. Levin's Testimony**

Defendant seeks to exclude or limit the testimony of Plaintiff's retained expert, Dr. Marc Levin. Defendant claims that Dr. Levin's opinion that Molnar's chronic lower back and left leg

pain were caused by the July 6, 2005, fall is unreliable because he makes unsupported assertions and undertakes no analysis to connect the data he reviewed with his conclusions.

Dr. Levin, who is a board-certified neurosurgeon, examined Molnar on October 31, 2011. His report discloses that he relied on the history Molnar provided and on his own clinical examination. He also reviewed Molnar's medical records and reviewed MRI scans of his lumbar spine. The Court finds that Dr. Levin's methodology was appropriate and adequately supports his conclusion that Molnar's symptoms resulted from his fall. Any weaknesses in his opinion can be explored on cross-examination.

Defendant also maintains that Dr. Levin should not be permitted to testify that, in his opinion, Molnar will intermittently need physical therapy or lumbar epidural steroid injections, or both, in the future. Defendant argues that because the report provides no opinion as to the frequency of future treatment, the opinion would not be helpful to the jury. The Court disagrees. Obviously, no one can say with certainty what treatment Molnar will require in the future or how often he will need it. However, Dr. Levin's opinion, perhaps in conjunction with other testimony, may aid the jury in determining whether an amount for future medical expenses should be included in a damage award. Accordingly, this opinion will not be excluded at this time.

Finally, Defendant argues that Dr. Levin should be barred from testifying as to the potential cost of Molnar's future medical treatment because his report did not include any reference to the cost of future treatment. Dr. Levin is not an economist or actuary. He does not appear to have expertise in predicting future medical costs. Moreover, before he could give such testimony, he would have had to disclose in a written report the facts on which it is based and the

methodology for computing the projected costs. Accordingly, Dr. Levin may not testify as to the potential cost of any future medical treatment Molnar may require.

**C.    Non-Retained Experts**

Defendant also seeks to exclude the testimony of twelve non-retained experts: Dr. Anton Thompkins, Dr. Heather Nath, Dr. Thomas Ryan, Dr. Joseph Spott, Amy Brix, S. Mueller, Kristina Malast, S. Burns, Dr. Catherine Kauffman, Dr. Jeffrey Dunbow, Silpa Peddi, and Dr. Leonard Ostrowski. According to Defendant, these experts were disclosed on December 8, 2011, but Plaintiff failed to provide a statement of the subject matter of their testimony and a summary of the facts and opinions to which they are expected to testify, as required by Federal Rule of Civil Procedure 26(a)(2)(C).

In her response, Plaintiff does not challenge the date these providers were disclosed as experts but argues that changes in the law during the course of the suit justify the delay in disclosing them. Plaintiff also argues that Defendant already knew the identity of each non-retained expert and the subject matter of his or her testimony so that Defendant was not prejudiced by her failure to provide the reports required by Rule 26(a)(2)(C). She further argues that the amendment to Rule 26(a)(2) requiring summaries of the testimony of non-retained experts, which became effective on December 1, 2010, does not apply to this case.

Rule 26(a)(2)(A) underwent no substantive changes during the course of this litigation. It requires the disclosure of all witnesses who will testify as experts. It does not distinguish between retained and non-retained experts. The Court of Appeals for Seventh Circuit stated in 2004 that a treating doctor or similar witness is providing expert testimony "if the testimony

3

consists of opinions based on scientific, technical, or other specialized knowledge regardless of whether those opinions were formed during the scope of interaction with a party prior to litigation." *Musser v. Gentiva Health Serv.*, 356 F.3d 751, 756 n.2 (7th Cir. 2004). In *Musser* the Court held that such non-retained experts must be disclosed *as experts* under Rule 26(a)(2)(A). *Id.* at 757. Simply making Defendant aware of the identity and records of witnesses does not comply with Rule 26(a)(2)(A) regarding disclosure of non-retained experts. *Id.*

The Supreme Court order that amended Rule 26(a)(2) to add subparagraph (C), provides: "the foregoing amendments to the Federal Rules of Civil Procedure shall take effect on December 1, 2010, and shall govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending." U.S. Order 10-27, April 28, 2010.

Plaintiff admits that according to the scheduling order issued by the Court, the deadline for disclosing experts was May 29, 2009. The twelve non-retained experts were disclosed on December 8, 2011, more than a year after subparagraph (C) was added to Rule 25(a)(2). The Court might agree with Plaintiff that subparagraph (C) does not apply to this case if Plaintiff had identified her non-retained experts as required by Rule 25(a)(2)(A) and *Musser* before subparagraph (C) became effective on December 1, 2010. However, because the disclosure was made well after the effective date of the new rule requiring summaries of the testimony of non-retained experts, the Court sees nothing unjust or impractical in requiring Plaintiff to comply with the rule as it existed when the disclosure was made.

The Court concludes that Plaintiff has failed to provide information as required by Rule 26(a)(2)(C). Accordingly, under Rule 37(c)(1), Plaintiff's non-retained experts may not testify as experts at trial unless the failure was substantially justified or is harmless. The Court cannot

4

find substantial justification for Plaintiff's failure to provide the summaries required by Rule 26(a)(2)(C). That the rule changed during the pendency of this action is no excuse, considering that the new rule had been in effect for more than a year before Plaintiff disclosed her non-retained experts. Nonetheless, the Court determines that the omission was harmless with respect to Dr. Thompkins. Dr. Thompkins was deposed and Defendant received his treatment records. These materials adequately inform Defendant of the subject matter, facts, and opinions on which he will testify. However, with regard to the remaining non-retained experts, while medical records may have suggested the likely subject matter of their testimony, the records do not disclose any opinions to which these witnesses might testify. The Court cannot conclude that Plaintiff's failure to provide the summaries required by Rule 26(a)(2)(C) was harmless. Thus the other eleven witnesses disclosed on December 8, 2011, will be barred from testifying as experts. They are not necessarily barred from testifying as fact witnesses, however.

**D.     Douglas Post**

Douglas Post is a physical therapist who saw Molnar six times in July and August 2008. On May 22, 2012, Plaintiff notified Defendant that Post may testify as a "medical treating expert" that Molnar's injuries include a fractured back with pain radiating into both legs, that the injuries were caused by the accident at issue, and that the injuries are permanent (DE 170-3). He would also testify regarding past and future treatment. Defendant argues that he should be barred from testifying as an expert because his disclosure was untimely, he did not submit a written report that complies with Rule 26(a)(2)(B), and he is not qualified to give opinions as to Molnar's diagnosis, the cause of his injuries, their permanency, or the need for future treatment.

5

Plaintiff argues that the change in the law regarding disclosure of non-retained experts justified the late disclosure. She further asserts that Defendant already knew that Post had treated Molnar, thus negating any prejudice, and that the matters about which he will be testifying are within his expertise.

The Court agrees that Post should be barred from testifying as an expert. It appears that before the May 22 disclosure, the only notice Defendant had that Post might be a witness was the fact that he had signed some medical reports that were provided during discovery. As the *Musser* case established, this is insufficient disclosure of a non-retained expert. Moreover, the 2010 amendments to Rule 26 did not change the timing of disclosure of experts. Former Rule 26(a)(2)(C) became current Rule 26(a)(2)(D) after the 2010 amendments, its language unchanged:

> *Time to Disclose Expert Testimony*. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
> (i) at least 90 days before the date set for trial or for the case to be ready for trial.

Plaintiff's disclosure was made 69 days before trial, after discovery had closed. Plaintiff has not established that the failure was substantially justified or was harmless. Accordingly, Post may not testify as an expert. This ruling does not prevent him from testifying as a fact witness.

**E.     Conclusion**

Defendant's motion to exclude expert testimony (DE 168) is **GRANTED** in part and **DENIED** in part. Dr. Levin will be permitted to testify as a retained expert, but may not give an opinion as to the potential cost of any future medical treatment Molnar may require. Dr. Thompkins will be permitted to testify as a non-retained expert as to the facts and opinions

6

disclosed by his medical records and deposition testimony. All other witnesses disclosed as non-retained experts will not be permitted to testify as experts.

SO ORDERED on July 23, 2012.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge